# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3663

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Kenny Siepker, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: October 21, 2003
Filed: October 31, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Kenny Siepker was convicted by a jury of conspiracy to distribute methamphetamine with intent to distribute, possessing methamphetamine with intent to distribute, possession of a firearm by an unlawful user of controlled substances, and felon in possession of a firearm, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 18 U.S.C. §§ 922(g)(1) and (g)(3) respectively. The district court[1] sentenced Siepker to 372 months. Siepker appeals his conviction on the conspiracy

_____

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

count, arguing that the evidence was insufficient to establish that he conspired or reached an agreement with two or more persons to distribute methamphetamine. We affirm.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, giving it the benefit of all reasonable inferences. United States v. Oleson, 310 F.3d 1085, 1088 (8th Cir. 2002). A verdict such as this will be reversed only where no reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

The prosecution presented ample testimonial and physical evidence against Siepker at trial. Four witnesses testified at Siepker's trial that they supplied him with large quantities of methamphetamine on a regular basis from as early as 1998 through 2002. Six individuals testified about purchasing methamphetamine from him on multiple occasions, and several stated that he had frequently allowed them several days to resell some of the drugs before collecting payment. Physical evidence seized during a search of Siepker's house included countersurveillance equipment (night vision scopes, binoculars, radio scanners, and police codes), an electronic scale, a large number of small baggies, and a small amount of methamphetamine.

After reviewing the record, we conclude that there was more than enough evidence for a reasonable jury to find Siepker guilty of conspiracy to possess with intent to distribute methamphetamine. Accordingly, the judgment of the district court is affirmed.

_____